UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-17-RLV
(5:03-cr-4-RLV-12)

| | |
|---|---|
| **JASMINE DESHON HOLMES,** ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response and Motion to Dismiss, (Doc. No. 4), and on Petitioner's Motion for Extension of Time to File Response/Reply, (Doc. No. 6). For the reasons that follow, Petitioner's motion to vacate will be denied, the Government's Motion to Dismiss will be granted, and the § 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On January 29, 2003, pro se Petitioner Jasmine Deshon Holmes was indicted and charged with conspiracy to possess with intent to distribute, and distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 846 and 841(a)(1); and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. (Criminal Case No. 5:03cr04-RLV-12, Doc. No. 23: Sealed Indictment). Two days later, the Government filed an Information pursuant to 18 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek an enhanced sentence based on Petitioner's prior drug conviction. (Id., Doc. No. 38: Section 851 Information). Specifically, Petitioner was convicted on January 14, 2000, for possession with

1

intent to sell and deliver marijuana and felony possession of cocaine in Iredell County Superior Court. (Id.).

On November 25, 2003, Petitioner pled guilty to the conspiracy offense, pursuant to a written plea agreement, in which the parties agreed that Petitioner was responsible for more than 1.5 kilograms of crack. (Id., Doc. No. 236 at 2: Plea Agreement; Doc. No. 246: Entry and Acceptance of Guilty Plea). Petitioner also agreed, in the parties' agreement, to "waive[] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255," except on the bases of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5).

Petitioner's Guidelines range of imprisonment, based on a total offense level of 35 and a criminal history category of VI, was between 292 and 365 months, and Petitioner was subject to a mandatory minimum term of ten years' imprisonment. (Id., PSR at 11; 25). The Court sentenced Petitioner to 292 months' imprisonment, at the low end of the applicable Guidelines range, entering its judgment on October 15, 2004. (Id., Doc. No. 429: Judgment). On December 8, 2009, following the 2007 amendments to Sentencing Guidelines § 2D1.1, Petitioner's sentence was reduced to 235 months in prison. (Id., Doc. No. 832: Order). On June 22, 2012, following the 2011 amendments to United States Sentencing Guidelines § 2D1.1, Petitioner's sentence was reduced further to 188 months in prison. (Id., Doc. No. 899: Order).

Petitioner placed the motion to vacate in the prison mail system on or around January 18, 2013, and it was stamp-filed in this Court on January 25, 2013. See (Doc. No. 1). In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On December 2, 2013, this Court

ordered the Government to respond, and the Government filed its brief in response and motion to dismiss on February 3, 2014. (Doc. Nos. 3; 4).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A.  Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner's judgment became final when his time for

filing an appeal expired, or 14 days after this Court entered its judgment dated October 15, 2004. Clay v. United States, 537 U.S. 522, 524-25 (2003). Petitioner's motion to vacate, filed almost nine years later, is untimely under § 2255(f)(1), and none of the other subsections applies to render the petition timely. Furthermore, Petitioner has not presented sufficient grounds for the Court to apply equitable tolling.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. Petitioner has not presented a claim of ineffective assistance of counsel or prosecutorial misconduct. Accordingly, neither of the exceptions to Petitioner's plea waiver applies, and his motion is subject to dismissal based on this alternative ground.

4

Finally, as Respondent notes, even if Petitioner's motion were timely and he had not waived his right to seek post-conviction relief from his sentence, his claim would fail on the merits because Petitioner has not identified any sentence enhancement to which he was subject in violation of Simmons. Petitioner's sentence was determined by his applicable Guidelines range, which was not affected by the Government's Section 851 Information or the career-offender guideline or any other sentence enhancement based on his having prior felony convictions. Having identified no Simmons error, Petitioner's claim would fail, even if timely and cognizable.[1]

**IV. CONCLUSION**

In sum, for the reasons stated herein, Petitioner's § 2255 motion is untimely, and the petition will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

3. Petitioner's Motion for Extension of Time to File Response/Reply, (Doc. No. 6), is **GRANTED** nunc pro tunc.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a

---

[1] The Court notes, additionally, that to the extent that Petitioner invokes, in his memorandum in support of the § 2255 motion, alternative bases for relief under 28 U.S.C. § 2241, or the writs of error coram nobis and audita querela, Petitioner would not be entitled to relief under any of these alternative forms of relief even if he had a viable Simmons claim.

constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 17, 2014

Richard L. Voorhees
United States District Judge